Gibson, J. (dissenting).
I would affirm the order of the Appellate Division.
The application of section 83 of the Railroad Law for which appellant contends seems both unusual and unreal, and especially so in the case of a commuter railroad. The reference in the section title to “ [rjiding ” on the platform, and the proviso in the section as to the sufficiency of accommodations within the car, support the conclusion that the thrust of the statute is toward the unnecessary act of “ riding ’’upon the platform in the course of the journey and not to entering the vestibule as the train is slowing for a station stop. Indeed, in Kettel v. Erie R. R. Co. (176 App. Div. 430, 435, affd. 225 N. Y. 727), upon which appellant relies, although a significantly different New Jersey statute was there involved, the Appellate Division said, “So a posted rule against riding or standing on a platform, or requiring a passenger to remain in his seat while the train is in motion does not apply to a passenger about to alight, because it would not naturally be so understood by the passenger.”
However, and in any event, there was not, in my view, an adequate and timely exception to the trial court’s omission to charge in accordance with either of the requests now argued; and, in fact, when the jury some time later returned for further instructions, the court, without objection or exception on the part of either party, reread its charge in respect of negligence and *47 contributory negligence, including the interpretation of section 83 of which appellant now complains. To excuse noncompliance with CPLR 4017 is to deny effect to the salutary and well-recognized purpose underlying its enactment; and that purpose was not subserved by the blanket exception which defendant sought to make, after the jury had retired, to the court’s disposition of a series of written requests.
Judges Scileppi, Bergan and Breitel concur with Judge Jasen ; Judge Gibson dissents and votes to affirm in a separate opinion in which Chief Judge Fuld and Judge Burke concur.
Order reversed, without costs, and a new trial granted.